Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Peticionarios<br><br>v.<br><br>CIUDAD DEPORTIVA ROBERTO CLEMENTE, INC. Y OTROS<br><br>Recurridos | KLCE202401031 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Sobre:<br>Injunction Preliminar; Sentencia Declaratoria<br><br>Caso Número:<br>SJ2023CV03003 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 20 de noviembre de 2024.

La parte peticionaria, el Estado Libre Asociado de Puerto Rico, por sí y en representación del Departamento de Recreación y Deportes de Puerto Rico (DRD) y la Administración de Terrenos de Puerto Rico (ATPR), comparece ante nos para que dejemos sin efecto la *Resolución* emitida y notificada el 7 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante la misma, el foro primario declaró *No Ha Lugar* la *Moción de Sentencia Sumaria*, incoada por la parte peticionaria en contra de la Ciudad Deportiva Roberto Clemente, Inc. (CDRC), la parte recurrida.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

### I

El 5 de abril de 2023, la parte peticionaria presentó la demanda de epígrafe sobre *injunction* preliminar, *injunction* permanente y sentencia declaratoria, en contra de la CDRC. En la misma, solicitó que el foro primario reconociera la reversión de la

Número Identificador

RES2024 _____

titularidad de los terrenos cedidos a la CDRC, a su favor. Planteó que, al amparo de la Ley del Distrito Deportivo Roberto Clemente, Ley Núm. 67 del 20 de julio de 2022, 15 LPRA sec. 988 *et seq.*, la Asamblea Legislativa revertió la titularidad de los terrenos que habían sido donados a la CDRC, ante la configuración de condiciones resolutorias. Sostuvo que la falta de operación, abandono de terrenos y el tiempo irrazonablemente largo que transcurrió, sin que se hubiese desarrollado la CDRC, activaron las condiciones de reversión establecidas en las cláusulas Quinta y Sexta de la Escritura Número Cuatro de Cesión y Traspaso Mediante Donación del 10 de marzo de 1975, así como las condiciones resolutorias dispuestas por la Junta de Planificación.

Posteriormente, el 14 de abril de 2023, el foro primario celebró una vista evidenciaria para determinar la procedencia del remedio interdictal solicitado. En esta, se llegó a un acuerdo entre las partes para que la ATPR llevara a cabo una inspección del predio, según lo establece la Ley Núm. 67-2022. A su vez, quedó pendiente la solicitud de *injunction* preliminar sobre la posesión inmediata del terreno, así como el *injunction* permanente y la sentencia declaratoria.

El 4 de mayo de 2023, la recurrida presentó una *Contestación a Demanda y Reconvención.* En la misma, cuestionó la constitucionalidad de la Ley Núm. 67-2022, por violentar el debido proceso de ley, el derecho de propiedad privada, y menoscabar sustancialmente los derechos y obligaciones contractuales pactados con la CDRC. Además, sostuvo que no procedía la revocación de la donación porque no se había incumplido con las condiciones pactadas en la escritura. Así, solicitó al Tribunal de Primera Instancia que decretara la inconstitucionalidad de la Ley Núm. 67-2022, y declarara que no procedía revertir la titularidad de los terrenos de la CDRC.

Por su parte, el 19 de mayo de 2023, la parte peticionaria presentó una *Moción de Desestimación de la Reconvención*, mediante la cual solicitó la desestimación de la *Reconvención* por no presentar una reclamación justiciable por dejar de exponer una reclamación que justificara un remedio y falta de legitimación activa.

Tras ciertos trámites procesales y enmiendas a las alegaciones, el 18 de agosto de 2023, el tribunal primario emitió una *Resolución.* En esta, concluyó que no existía controversia en cuanto a que el contrato de donación estableció ciertas condiciones resolutorias. A su vez, dispuso que la controversia versaba en cuanto al cumplimiento de la CDRC con las mencionadas condiciones, lo cual podría revertir la propiedad en cuestión a la ATPR. En específico, indicó que ambas partes tendrían que presentar prueba para sustentar sus respectivas posiciones mediante una vista en su fondo. Además, reafirmó que CDRC tenía la legitimación activa para instar la reconvención presentada.

Así las cosas, tras varios incidentes procesales, el 21 de diciembre de 2023, la parte recurrida presentó una *Moción Solicitando Sentencia Sumaria.*[1] En esta, argumentó que la Ley Núm. 67-2022 era inconstitucional por privarle de su propiedad privada sin las garantías del debido proceso de ley. Además, planteó que el Estado Libre Asociado de Puerto Rico y el DRC no tenían legitimación activa para solicitar la revocación de una donación hecha conforme a derecho, y de la cual no eran partes contratantes.

Posteriormente, y luego de ciertos trámites adicionales, el 23 de febrero de 2023, se celebró una vista ocular en los terrenos de

---

[1] La recurrida acompañó su *Moción Solicitando Sentencia Sumaria* con la siguiente prueba documental: 1) copia de documento intitulado *Información de Corporación*; 2) declaración jurada suscrita por Luis Roberto Clemente Zabala, con fecha de 21 de diciembre de 2023; 3) copia de *Escritura Número Cuatro de Cesión y Traspaso Mediante Donación*, con fecha de 18 de marzo de 1975; 4) copia de *Escritura Número Siete de Modificación de Condición de Donación,* con fecha de 14 de abril de 1980; 5) copia de documento intitulado *Memorando Legal*, con fecha de 24 de julio de 2020; y 6) copias de extractos de una deposición tomada a la representante de la ATPR, la Lcda. Wilmaris Centeno Maldonado.

CDRC con el propósito de inspeccionar la condición de sus instalaciones. Según el acta de inspección, se hizo constar que fueron visitadas las distintas canchas, piscinas, pista de atletismo, parques de béisbol, y los edificios de la CDRC. En específico, se pudo apreciar que la mayoría de las instalaciones estaban colapsadas, agrietadas, o llenas de maleza.

Por su parte, el 26 de abril de 2024, la parte peticionaria presentó una *Moción de Sentencia Sumaria.* En la misma, solicitó que, ante la ausencia de hechos materiales en controversia, emitiera una sentencia sumaria declarando que se activó el derecho de reversión del terreno donado a favor de la parte peticionaria. Arguyó que, en virtud de los hechos incontrovertidos presentados en la moción y la prueba anejada, el foro primario estaba en posición de determinar que la CDRC incumplió con las condiciones de la donación del terreno, con solo aplicar el derecho a los hechos. En específico, sostuvo que la inspección ocular de la CDRC había demostrado que: (1) la CDRC tenía los terrenos donados en estado deplorable e inoperante; (2) la CDRC no desarrolló facilidades para que la juventud pudiese adquirir conocimientos básicos en distintos deportes; y (3) la CDRC no ofrecía clínicas deportivas. Por tanto, alegó que la evidencia anejada demostraba que la CDRC había fracasado en cumplir con la condición principal de la donación y el fin público de fomentar el desarrollo del deporte en la juventud puertorriqueña.[2]

---

[2] La peticionaria acompañó su *Moción de Sentencia Sumaria* con la siguiente prueba documental: 1) copia de informe preparado por la Junta de Planificación, con fecha de 14 de marzo de 1974; 2) misiva dirigida a José Santiago, Director Ejecutivo de la ATPR, con fecha de 6 de julio de 1977; 3) copia de la deposición tomada al señor Luis Roberto Clemente Zabala, con fecha de 21 de septiembre de 2023; 4) copia de documento intitulado *R. de la C. 254 Tercer Informe Parcial de 25 de abril de 2022*; 5) copia de *Contestación a Requerimiento de Admisiones*, con fecha de 21 de julio de 2023; y 6) copia de la deposición tomada al señor Luis Roberto Clemente Zabala, con fecha de 26 de septiembre de 2023.

Tras ciertas incidencias, el 29 de mayo de 2024, la recurrida presentó una *Oposición a Solicitud de Sentencia Sumaria*.[3] En lo pertinente, adujo que existía una controversia real y sustancial en cuanto a hechos esenciales y pertinentes presentados por la parte peticionaria.

Por su parte, el 3 de junio de 2024, la parte peticionaria replicó y esbozó que el escrito de la parte recurrida incumplía con las exigencias procesales establecidas en la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36. De esta forma, reiteró en su petitorio sobre la disposición sumaria del asunto.

El 7 de agosto de 2024, el Tribunal de Primera Instancia emitió y notificó la *Resolución* aquí recurrida, mediante la cual declaró *No Ha Lugar* a ambas mociones de sentencia sumaria presentadas por las partes. Según concluyó, existían ciertas controversias medulares de hechos, que impedían preterir el cauce ordinario de adjudicación. En específico, dispuso que existía una genuina disputa en cuanto a desde cuándo estaban las facilidades de la CDRC en desuso, y si el incumplimiento era atribuible a la CDRC o a actos de funcionarios del gobierno que no permitieron a la CDRC cumplir con las condiciones del contrato. Respecto al tiempo en que han estado en desuso, puntualizó que este era un hecho medular, puesto que la cláusula resolutoria establecía que las obras a realizarse se llevarían a cabo dentro de un término razonable, sin establecer cuáles obras serían realizadas y cuánto tiempo sería razonable para la culminación de las mismas.

En desacuerdo, el 22 de agosto de 2024, ambas partes presentaron sus respectivas mociones de reconsideración. No obstante, el 23 de agosto de 2024, el Tribunal de Primera Instancia declaró *No Ha Lugar* a ambas.

---

[3] La recurrida no acompañó su *Oposición a Solicitud de Sentencia Sumaria* con la prueba documental requerida.

Inconforme, el 23 de septiembre de 2024, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari.* En el mismo expone los siguientes señalamientos:

> Erró y abusó de su discreción el Tribunal de Primera Instancia al denegar la solicitud de sentencia sumaria del Estado y concluir que existen controversias de hechos medulares que ameritan la celebración de un juicio en su fondo, a pesar de que los presuntos hechos en controversia identificados, por el foro recurrido, en realidad no están en controversia o resultan inmateriales para la adjudicación del presente caso.

> Erró y abusó de su discreción el Tribunal de Primera Instancia al denegar la solicitud de sentencia sumaria del Estado y decidir que existe una controversia de hechos materiales respecto a la presunta interferencia del Gobierno en la capacidad de la CDRC de cumplir con las cláusulas resolutorias del contrato de donación, a pesar de que la parte recurrida no colocó al tribunal en posición de concluir que existe tal controversia a través de evidencia admisible, según lo exige la Regla 36 de Procedimiento Civil y su jurisprudencia interpretativa.

Luego de examinar el expediente de autos, procedemos a expresarnos.

## II

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, expresamente delimita la intervención de este Tribunal para evitar la revisión judicial de aquellas órdenes o resoluciones que dilatan innecesariamente el curso de los procesos. *Rivera v. Joe's European Shop,* 183 DPR 580, 594 (2011). En lo pertinente, la referida disposición reza como sigue:

> . . . . . . . .
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar

a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

. . . . . . . .

32 LPRA Ap. V, R. 52.1.

El entendido doctrinal vigente de la precitada disposición establece que, su inserción en nuestro esquema procesal, aun cuando obedece al propósito de delimitar las circunstancias en las que el foro intermedio habrá de intervenir con resoluciones u órdenes interlocutorias emitidas por el tribunal primario, asegura la revisión apelativa, mediante el recurso de *certiorari,* en situaciones meritorias constitutivas de excepción. *Job Connection Center v. Sups. Econo,* 185 DPR 585, 593 (2012). Así, cuando, en el ejercicio de su discreción, este Foro entienda que determinada cuestión atenta contra intereses protegidos, o desvirtúa el ideal de justicia, viene llamado a entender sobre la misma.

Por su parte, sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* supra, pág.

593; *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y

discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018).

**III**

Tras entender sobre el recurso de autos, ello a la luz de lo estatuido en la precitada Regla 52.1 de Procedimiento Civil, *supra,* se desprende que el mismo está inmerso en las instancias contempladas por el legislador, a los fines de que este Foro pueda entender sobre un recurso de *certiorari.* Sin embargo, un examen detallado de los documentos que componen el expediente que nos ocupa, nos lleva a abstenernos de ejercer nuestras funciones revisoras respecto a la muy bien fundamentada *Resolución* emitida por el Juzgador de instancia.

Sabido es que la sentencia sumaria es un mecanismo adjudicativo de naturaleza extraordinaria, sujeta a determinadas formalidades impuestas por ley, que propende a la celeridad en la disposición de los asuntos sometidos a la consideración de la maquinaria judicial. *Rivera Matos, et al. v. Triple-S et al.,* 204 DPR 1010, 1024 (2020); *Rodríguez García v. UCA* 200 DPR 929, 940 (2018); *Savary et al. v. Mun. Fajardo et al.,* 198 DPR 1014, 1030 (2017); *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 430 (2013); *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010). La legitimidad de su empleo está supeditada a la efectiva inexistencia de controversia alguna sobre los hechos medulares de la causa de acción de que trate, ello a la luz de la prueba documental sometida a la consideración del Juzgador por parte de quien propone la

moción correspondiente, así como de quien se opone a la misma. Por tanto, compete al tribunal examinar toda la evidencia habida ante sí, de modo tal que pueda concluir que solo resta disponer de cuestiones puramente normativas. *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004); *Roig Com. Bank v. Rosario Cirino,* 126 DPR 613, 617 (1990). Ahora bien, dictar sentencia sumaria en un caso es una facultad propia a la discreción del adjudicador, a los fines de evitar que se prive a una persona de su derecho a tener su día en corte. *SLG Zapata-Rivera v. J.F. Montalvo,* supra, pág. 433; *Ramos Pérez v. Univisión,* supra; *Roig Com. Bank v. Rosario Cirino,* supra. Así, de no quedar clara la total inexistencia de controversias de hechos materiales, el foro *a quo* está llamado a no preterir el cauce ordinario de los procedimientos. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.

Al entender sobre la totalidad de los documentos que componen el expediente de autos, advertimos que ningún criterio jurídico particular justifica que dejemos sin efecto la determinación recurrida. Nada nos sugiere que, en el ejercicio de sus facultades, el foro recurrido haya incurrido en error o en abuso de la discreción que le asiste, de modo que se haga meritorio que soslayemos la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones. A nuestro juicio, el pronunciamiento en cuestión es producto del adecuado ejercicio de las facultades que le asisten al Tribunal de Primera Instancia en la materia que atendemos, por lo que, ante ello, no resulta preciso que intervengamos. Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto que nos ocupa.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones